IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MELVIN L. SHIELDS,**

    **Plaintiff,**

v.                                          **CASE NO. 23-3183-JWL**

**UNITED GOVERNMENT OF**
**WYANDOTTE COUNTY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Melvin L. Shields, who is currently confined at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this pro se 42 U.S.C. § 1983 action. Plaintiff's claims relate to his state criminal proceedings and conviction. *See* Doc. 1–1. Plaintiff made similar claims in Case No. 22-3298.[1]

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Accordingly, he may

---

[1] The Court advised Plaintiff in Case No. 22-3298 that:
> the United States Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Thus, to the extent that the current complaint asserts arguments that, if successful, would necessarily imply the invalidity of the related state-court convictions, those arguments would be subject to dismissal unless Plaintiff can demonstrate that those convictions have been invalidated.

*Shields v. City of Olathe, Kansas*, Case No. 22-3298-JWL, Doc. 3, at n. 2 (D. Kan. Dec. 7, 2022).

[2] Prior to filing the instant complaint, the Court finds three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Shields v. Hopkins, et al.*, Case No. 00-cv-3296-GTV (D. Kan. Nov. 14, 2000) (dismissed for failure to state a claim upon which relief may be granted); *Shields v. Koerner, et al.*, Case No. 00-cv-3328-GTV (D. Kan. Nov. 14, 2000) (same); *Shields v. Cline, et al.*, Case No. 20-cv-3077-SAC (D. Kan. June 23, 2020) (same). *See also Shields v. Cline*, Appellate Case No. 20-3127 (10th Cir. Oct. 2, 2020) (noting in order and

proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

judgment that "Shields accrued his third strike as the result of the dismissal of the case underlying this appeal" and affirming the dismissal).

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 27, 2023,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated July 27, 2023, in Kansas City, Kansas.**


        **S/  John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**