## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MELVIN L. SHIELDS,**

     **Plaintiff,**

     v.                        **CASE NO.  23-3183-JWL**

**UNITED GOVERNMENT OF**
**WYANDOTTE COUNTY, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Melvin L. Shields brings this pro se civil rights action under 42 U.S.C. § 1983. The Court dismisses this matter without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

### I.  Nature of the Matter before the Court

Plaintiff is in custody at the Hutchinson Correctional Facility in Hutchinson, Kansas.  On September 21, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 5).  The Court's screening standards are set forth in the Court's MOSC.

The Court noted in the MOSC that Plaintiff's claims relate to his state criminal proceedings and conviction, and that he made similar claims in Case No. 22-3298.[1]  In his

---

[1]  The Court advised Plaintiff in Case No. 22-3298 that:

    the United States Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *See Edwards v. Balisok*, 520 U.S. 641,

Amended Complaint, Plaintiff continues to make claims regarding his state criminal case and the evidence used in his state criminal prosecution.  Plaintiff's claims center on his alleged denial of the opportunity to re-test biological evidence in his criminal trial.  Plaintiff alleges that Defendant Vallery Fornow was a chemist at the Johnson County Criminalistic Laboratory ("JCCL") which was "assigned by the defense to run lab tests on evidence."  (Doc. 5, at 1–2.) Plaintiff alleges that he was convicted because "DNA was the only evidence in [the] case" and the state did not allow Plaintiff to re-test the evidence before his trial.  *Id*. at 2.  Plaintiff alleges that this violated his due process right to prove his innocence before his trial.  *Id*.

Plaintiff claims intentional destruction of exculpatory DNA evidence, claiming that the evidence was stored in a freezer at the JCCL years before he was charged.  *Id*. at 3.  Plaintiff claims that Fornow intentionally sought out the evidence after she was warned not to do so.  *Id*. Plaintiff alleges that Fornow walked into a freezer at the JCCL and "in bad faith" intentionally and deliberately sought out the evidence that was "surrounded by thousands of items of evidence."  (Doc. 5–2, at 2.)  Plaintiff alleges that she was warned by Gary Dirks not to touch any of Plaintiff's evidence and she ignored the warning.  Plaintiff claims that Fornow destroyed the evidence and was fired as a result.  (Doc. 5, at 3.)

Plaintiff claims that Gary Dirks and Alan Hamb received the rape kit from the KCKPD and Hamb testified at trial that they did not know who the kit/swabs belonged to, and the actual swabs could not be located.  (Doc. 5–2, at 3.)  Plaintiff claims that tube L-88-0554 (which related to Plaintiff's murder case) was empty and a new tube L-88-0464 was "manufactured" and came from an aggravated battery case not related to the murder.  *Id*.   Plaintiff alleges that Hamb

---

643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Thus, to the extent that the current complaint asserts arguments that, if successful, would necessarily imply the invalidity of the related state-court convictions, those arguments would be subject to dismissal unless Plaintiff can demonstrate that those convictions have been invalidated.

*Shields v. City of Olathe, Kansas*, Case No. 22-3298-JWL, Doc. 3, at n. 2 (D. Kan. Dec. 7, 2022).

testified that the swabs were found "stacked up under 5 different cases with separators that were supposed to separate each case," but "all separators (had been breached) in that L-88-0464 tube and biological evidence was found floating up under the bottom of those swabs." *Id*.  Plaintiff claims that neither Dirks nor Hamb knew where the swabs in L-88-0464 came from or who they belonged to because there was no name or case number on the tube. *Id*.

Plaintiff also claims that Kansas passed legislation called "Legislation wrap up" that prohibited the State from using DNA evidence involved in a sexually violent crime past the 10-year statute of limitations. (Doc. 5, at 3.)  Plaintiff cites K.S.A. § 38-2303,[2] and argues that based on the statute, which he asserted prior to trial, he could be charged with murder (because there is no statute of limitations), but the DNA evidence "under the pretense of a rape allegation" could not be used against him. *Id*. at 4–5.  Plaintiff alleges that as soon as the State implied rape, the DNA evidence could not be used in his murder trial because the statute of limitations on the use of the DNA had expired. *Id*. at 5.

Plaintiff claims that Mark Dupree, the head District Attorney, "created the policy under which these unconstitutional practices occurred."  (Doc. 5, at 4.)  Plaintiff alleges that the prosecutors denied him access to the evidence in his case. *Id*.  Plaintiff claims that the policy was "to deny [Plaintiff] his constitutional rights to a fair trial," and the policy violated Brady obligations and the Confrontation Clause. *Id*. at 6.  Plaintiff claims that Dupree instructed the other prosecutors not to comply with the state court judge's production order, and that he was negligent in supervising his subordinates. *Id*. at 7.

As his request for relief, Plaintiff asks for a "jury trial," and to be awarded damages if he is successful in his new trial. *Id*. at 5.  Plaintiff names as defendants:  the Office of the Kansas

---

[2]  The Court notes that § 38-2303 is part of Article 23, Revised Kansas Juvenile Justice Code, and deals with time limitations for juvenile offenses.  According to the Kansas Adult Supervised Population Electronic Repository, Plaintiff is currently 55 years old and the crimes he was convicted of occurred in 1988.

City, Kansas District Attorney; the Johnson County Criminalistic Laboratory; Gary Dirks, Johnson County Criminalistic Laboratory; Vallery Fornow, Johnson County Criminalistic Laboratory; and Mark Dupree, Head District Attorney.

## II. DISCUSSION

Plaintiff makes claims regarding his state criminal proceedings.[3] To the extent Plaintiff challenges the validity of his sentence in his state criminal cases, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994). Therefore, any claim challenging his state conviction and sentence is not cognizable in a § 1983 action. *See also Bray v. Gary Police Dep't Chief*, 2010 WL 2674531, at *2 (N.D. Ind. 2010) (where plaintiff sought to have the court set aside his criminal conviction and order that he be retried, court held his claim must be brought by means of a petition for writ of habeas corpus).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. at 477. If

---

[3] Plaintiff continues to name as defendants the county prosecutor, Mark Dupree, and the Office of the Kansas City, Kansas District Attorney. The Court found in the MOSC that Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal cases fall squarely within the prosecutorial function.

Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.   In *Heck*, the state prisoner claimed that two prosecutors and an investigator engaged in an unlawful investigation and knowingly destroyed evidence that could have proven his innocence.   The United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.   *See also Turner v. Pudik*, 2017 WL 549910, at *3 (W.D. Pa. 2017) (finding judgment in favor of plaintiff on his argument that exculpatory evidence was destroyed where detective failed to preserve blood samples, "would necessarily imply the invalidity of his state court conviction") (citing *Miller v. Commonwealth of Pennsylvania*, 588 F. App'x 96, 97 (3d Cir. 2014) (state prisoner's § 1983 claim concerning an alleged failure to preserve exculpatory evidence that could have proven his innocence was barred by *Heck*); *Spuck v. Clearfield Co., Pennsylvania*, 540 F. App'x 73, 74–75 (3d Cir. 2013) (§ 1983 claims related to alleged destruction or refusal to turn over exculpatory evidence necessarily implied invalidity of state conviction and were barred by *Heck*)).

In *Mitchell v. Medina*, the court found that the plaintiff's request for injunctive relief, including his request for a new trial, necessarily implied the invalidity of his conviction or sentence.   *Mitchell v. Medina*, 2011 WL 13174738, at *2 (D. Colo. 2011), *aff'd* 459 F. App'x 800 (10th Cir. 2012).   The court held that *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction."   *Id*. (citing *Lawson v. Engleman*, 67 F. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir.

1999))).   The court held that plaintiff's claims for injunctive relief cannot be pursued under § 1983 and must be pursued as habeas corpus claims under § 2254 after exhaustion of state remedies.   *Id.* (citations omitted); *see also Mitchell*, 459 F. App'x 800, 801 (10th Cir. 2012) (unpublished) (affirming district court's finding that "Mr. Mitchell's claims are barred by *Heck* . . . because they seek to 'imply the invalidity of his conviction,' . . . by demanding (among other things) a new trial.").

Plaintiff has not alleged that his conviction or sentence has been invalidated. Furthermore, Plaintiff must comply with the exhaustion of state court remedies requirement prior to bringing a federal habeas action.   *Heck*, 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).   "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).

The Court noted in the MOSC that it does not appear that Plaintiff has raised his claims in state court.  He did not raise them in his direct appeal, and the docket for his state criminal case does not show that he has filed a K.S.A. 60-1507 petition.   *See State v. Shields*, Case No. 2016-CR-293 (District Court of Wyandotte County, Kansas). The Court noted in the MOSC that at the time the MOSC was entered, the docket in Plaintiff's state case reflected that Plaintiff filed a motion for an extension of time to file a 60-1507 petition on June 30, 2023, but the docket did not show a ruling on the motion or the filing of a 60-1507 petition.   *Id.*

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice** as barred by *Heck*.

**IT IS SO ORDERED**.

**Dated October 24, 2023, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**